### No. 3220.—FIELD F. MONTGOMERY v. ALL THE WORLD.

The parish court that has granted an order of sale of property belonging to a succession, has jurisdiction of a monition suit by a purchaser of the lands sold under its orders.

The party opposing a monition, is, for all legal purposes, the plaintiff in the action, and he must, therefore, establish his averments by proof.

APPEAL from the Parish Court, parish of Madison. *Crawford*, Parish Judge. *E. D. Farrar*, for plaintiff and appellant. *James T. Coleman*, for opponent and appellee.

WYLY, J. The plaintiff, the purchaser at probate sale of certain property sold by the administrator of the succession, of William De Griffin, under order of the Parish Court, of the parish of Madison, sues out a monition and seeks to have his title confirmed and homologated. Mrs. Eugenia Rossman, wife of Charles B. Allen, claiming to be the universal legatee of said William De Griffin, opposed the monition on the grounds that the order under which the sale was made, was informal and void as against her; that the court granting it was without jurisdiction, the claim of the creditor demanding the sale being for $4600, exclusive of interest, an amount beyond the jurisdic-

tion of the parish court; that there were "irregularities, illegalities and other defects in the proceedings, advertisements, and in the time and manner of the sale of said lands, which will be shown on the trial of this opposition;" and that a devolutive appeal has been taken from the decree ordering the administrator to make the sale.

This opposition was maintained and the plaintiff has appealed.

The evidence shows that the advertisement of the monition was sufficient, that the property was correctly described, and the price at which it was sold was truly paid.

If the recitals of the deed of sale made by the administrator were untrue, it was incumbent on the opponent to show it.

The party opposing a monition is to all legal intents the plaintiff, and must establish his averments by proof. Fortier *v.* Zimple, 6 An. 54.

The court ordering the sale had jurisdiction. It was granted by the parish court on the application of an acknowledged creditor, under articles 990, 991 and 992 of the Code of Practice.

The irregularities in the sale complained of by the opponent have not been proved.

It is therefore ordered that the judgment of the court *a qua* be avoided and annulled, and it is ordered that there be judgment for the plaintiff, confirming and homologating his title to the following lands in the parish of Madison, to wit: " Section three (3) and lots four (4), five (5) and (6), in township fifteen (15), north of range fourteen (14) east, containing eleven hundred and forty-two (1142) acres.

It is further ordered that appellee pay costs of the appeal.